LILLIAN HOF, Respondent, *v.* MARTIN MAGER, Appellant.

First Department, February 21, 1924.

Conversion — pleadings — complaint is sufficient which alleges that defendant procured seizure of goods by sheriff without any just right or claim — one who unlawfully causes goods to be seized by sheriff on warrant is liable in conversion.

A complaint in an action for conversion is sufficient which alleges that the plaintiff's assignor was the owner of certain chattels; that the defendant brought an action against the plaintiff's assignor to foreclose an alleged chattel mortgage upon the chattels; that in that action the defendant herein procured a warrant of seizure directed to the sheriff, who seized the chattels; that thereafter the complaint in the foreclosure action was dismissed and no appeal was taken from the judgment and that the time to appeal in that action has expired; that at the time said foreclosure action was commenced, defendant herein had no

right or claim or lien upon the chattels and the warrant of seizure was procured by said defendant " without any just claim or right thereto " and that the plaintiff's assignor assigned her claim to the plaintiff.

One who applies for and obtains a warrant of seizure and takes possession of goods of another does so at his peril, and, if he has no right to possess himself of the property, he is a trespasser and becomes liable in an action for conversion.

APPEAL by the defendant, Martin Mager, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of July, 1923, denying the defendant's motion for judgment on the pleadings based upon the insufficiency of the complaint.

*Franklyn M. Silverstein,* for the appellant.

*Myers & Kutner* [*Joseph H. Kutner* of counsel], for the respondent.

MERRELL, J.:

The action, according to the allegations of the complaint, is to recover for the conversion of certain chattels alleged to have been unlawfully taken by the defendant from the possession of plaintiff's assignor.

The complaint alleges that plaintiff's assignor, one Annie C. Carpenter, was the owner and in possession of premises known as Hotel Clifton at Goodground, L. I., N. Y., and that she conducted and operated said premises as a hotel for the entertainment of guests during the summer months; and that plaintiff's assignor was also the owner and in possession of certain articles consisting of furniture, dishes, linen, tableware, kitchenware, and hotel furnishings, more particularly described and set forth in the schedule annexed to the complaint and made a part thereof; that said chattels were in said Hotel Clifton and were used by plaintiff's assignor in operating and conducting said hotel. The complaint further alleges that in or about the month of August, 1913, the defendant brought an action in the Supreme Court of this State against said Annie C. Carpenter, plaintiff's assignor, and another to foreclose an alleged chattel mortgage for $3,000 which the defendant claimed covered the above-mentioned chattels; that in said action the defendant herein applied for and procured on or about August 13, 1913, a warrant of seizure directed to the sheriff of Suffolk county, directing said sheriff to seize the chattels covered by said chattel mortgage; and that pursuant thereto the said sheriff on or about the 15th, 16th and 17th days of August, 1913, did seize and take into his possession said chattels and remove the same from said hotel; that thereafter such proceedings were had in said action of foreclosure that a judgment was duly entered and made therein whereby it was duly adjudged that the said defend-

ant's complaint be dismissed upon the merits as against plaintiff's assignor, on the ground that he had no claim against plaintiff's said assignor and that defendant's said chattel mortgage was not a lien upon said chattels; that said judgment was duly entered and docketed in the office of the clerk of Suffolk county on May 22, 1916; and that no appeal was taken therefrom by said defendant; and that his time to appeal has expired. The plaintiff in her complaint further alleges that at the time of the institution of said action to foreclose said chattel mortgage the said defendant had no claim against said Annie C. Carpenter, and no right or claim or lien upon the chattels hereinbefore described; and that said warrant of seizure was procured by said defendant without any just claim or right thereto; that the said chattels so taken from the possession of plaintiff's assignor by the sheriff of Suffolk county were wrongfully taken and unlawfully removed, and thereafter unlawfully and wrongfully detained and withheld from plaintiff's said assignor at the instance and by the direction of the defendant; and that said goods have not been returned to plaintiff's assignor, all to her damage in the sum of $3,000, representing the fair and reasonable value of said personal property. In her complaint the plaintiff further alleges that her assignor suffered damages by reason of being deprived of said property, in loss of patronage of her hotel, and in expense of counsel engaged by her to defend said foreclosure action, altogether in the sum of $7,500; and that before the commencement of the present action the said Annie C. Carpenter duly assigned, transferred and set over to the plaintiff all her right, title and interest in and to the chattels mentioned therein, and all actions or causes of action as the result of the wrongful seizure of said property by the defendant. Judgment is demanded herein in favor of the plaintiff and against the defendant for the sum of $7,500.

It is the contention of the defendant upon this appeal that the defendant was protected by the warrant of seizure issued by the court in said foreclosure action, and that the only remedy of plaintiff or her assignor was an action upon the undertaking given by the defendant upon the issuance of said warrant of seizure. But there is no allegation in the complaint that the warrant of seizure was duly issued, or that the court or judge issuing it obtained or had jurisdiction to issue the same, or that the so-called warrant was regular on its face. It does not appear even that the " warrant of seizure " was issued by any authority whatever. Indeed, the contrary appears, for it is alleged in the complaint that the warrant of seizure was procured by defendant " *without any just claim or right thereto.*"

I think the plaintiff sets forth a complete cause of action. Undoubtedly the plaintiff alleged much more than was required of her to set forth a cause of action in conversion. The mere allegation that the plaintiff's assignor was the owner of the property mentioned, and that the defendant had wrongfully deprived the plaintiff's assignor thereof to her damage in the amount stated, would probably have been sufficient allegation to sustain the complaint. The plaintiff went further and alleged the particulars whereby the defendant claimed to rightfully possess himself of said chattels. But in connection therewith the plaintiff alleges that the action in which said warrant of seizure was issued, and plaintiff's complaint therein, were dismissed; and that the defendant had no claim against plaintiff's assignor and no right or claim or lien upon the aforesaid chattels; and that said warrant of seizure was procured by him without any just claim or right thereto; and that said chattels so taken from the possession of plaintiff's assignor by the sheriff of the county of Suffolk were wrongfully taken and unlawfully removed, and thereafter unlawfully and wrongfully detained and withheld from plaintiff's assignor, all to her damage as aforesaid. Assuming the truth of these allegations, I think the plaintiff sets forth facts sufficient to constitute a cause of action. When the defendant applied for and obtained the warrant of seizure and took possession of the goods, he did it at his peril; and if it was a fact that he had no right to possess himself of said property, he was a trespasser and rendered himself liable to respond in damages to the plaintiff's assignor.

I think the court properly denied defendant's motion for judgment on the pleadings, and that the order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH, FINCH and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.